An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-662

Filed 15 July 2026

Wayne County, Nos. 22CRS348320-950, 24CR000004-950

STATE OF NORTH CAROLINA

v.

DEONZA LAMAR CARMICHAEL, Defendant.

Appeal by Defendant from judgment entered 26 July 2024 by Judge Robert C. Roupe in Wayne County Superior Court. Heard in the Court of Appeals 2 June 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Hunter E. Fritz, for the State.*

> *Jason Christoper Yoder for Defendant.*

GRIFFIN, Judge.

Defendant Deonza Lamar Carmichael appeals from the trial court's judgment entered after a jury found him guilty of felony fleeing to elude arrest with a motor vehicle and guilty of attaining the status of a habitual felon. Defendant raises two issues on appeal: (1) the trial court erred by ordering an aggravated sentence; and (2) the trial court erred by failing to find any statutory mitigating factors. In the alternative, Defendant argues he received ineffective assistance of counsel. We hold

the trial court did not err, and Defendant did not receive ineffective assistance of counsel.

## I. Factual and Procedural Background

The evidence presented at trial tended to show the following:

On 22 November 2022, Defendant's vehicle was stopped by Trooper L.S. Frederick for a revoked registration plate due to no insurance on the vehicle. Trooper Frederick approached the vehicle and smelled an odor of alcohol coming from the vehicle. Trooper Frederick also observed an open container of beer in the passenger door and asked Defendant if he had been drinking. Defendant replied, "not too much" and Trooper Frederick asked him to step out of the vehicle. Defendant suddenly shifted the vehicle into drive and fled the scene. Trooper Frederick pursued Defendant and witnessed him run a red light and pass two vehicles in a no-passing zone. Trooper Frederick estimated that Defendant was traveling approximately 80 to 90 miles per hour in a 55 mile per hour limit zone. Defendant then sped through multiple stop signs and circled a residential area at a high rate of speed. Finally, Defendant stopped the vehicle. After exiting the vehicle, Trooper Frederick arrested Defendant and confirmed the suspension of his license.

Defendant was indicted for felony fleeing to elude arrest and attaining the status of habitual felon. On 16 April 2024, the State filed and served notice of its intent to prove the existence of two aggravating factors pursuant to N.C. Gen. Stat. § 15A-1340.16(a6). The notice informed Defendant the State intended to prove: (1) a

statutory aggravating factor under N.C. Gen. Stat § 15A-1340.16(d)(12) that Defendant committed the offense while on pretrial release on another charge; and (2) a non-statutory aggravating factor under the catch-all provision of N.C. Gen. Stat. § 15A-1340.16(d)(20), that "all elements of a current offense are included in a prior convicted offense." The notice also informed Defendant of the State's intent to show a prior record level point under N.C. Gen. Stat. § 15A-1340.14(b)(7) because the offense was committed while on probation.

On 26 July 2024, a jury found Defendant guilty of felony fleeing to elude arrest and attaining the status of a habitual felon. Following the jury's verdict, the case proceeded to sentencing where the trial court discussed aggravating factors. During this time, Defendant was informed of his right to have a jury determine the existence of aggravating factors and any additional sentencing points. Defendant acknowledged his right and stipulated that: (1) he committed the offense while on pretrial release on another charge; (2) all elements of the current offense were included in a prior convicted offense; and (3) at the time of the present offense, he was on probation.

Prior to sentencing, Defendant's Prior Record Level Worksheet reflected a total of nine prior record level points based on his previous convictions. Defendant's admissions that all elements of a current offense were included in a prior offense and that he committed the offense while on probation each added one point to his total, resulting in a total of eleven prior record points and a classification as a Level IV

offender.

Defense counsel requested the court find three statutory mitigating factors pursuant to N.C. Gen. Stat. § 15A-1340.16(e)(17)-(19). The trial court made no findings in mitigation and ordered Defendant receive an aggravated sentence of 120 months minimum to 156 months maximum as a Level IV offender convicted of a Class D felony. Defendant gave notice of appeal immediately following sentencing.

## II.    Analysis

Defendant contends the trial court erred by: (1) ordering an aggravated sentence; and (2) failing to find any statutory mitigating factors. In the alternative, Defendant argues he received ineffective assistance of counsel.

## A. Aggravated Sentence

Defendant argues the trial court erred by ordering an aggravated sentence. Specifically, Defendant contends he is entitled to a new sentencing hearing because he was never indicted with the non-statutory aggravating factor that "all elements of a current offense are included in a prior convicted offense." We disagree.

We review a trial judge's weighing of aggravating and mitigating factors for an abuse of discretion. *State v. Parker*, 315 N.C. 249, 259, 337 S.E.2d 497, 503 (1985). "The balance struck by the sentencing judge in weighing the aggravating against the mitigating factors, being a matter within his discretion, will not be disturbed unless it is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 258–59, 337 S.E.2d at 502–03.

In determining a defendant's sentence, "[t]he court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." N.C. Gen. Stat § 15A-1340.16(a) (2025). "The State bears the burden of proving beyond a reasonable doubt that an aggravating factor exists." *Id.* If the court determines that existing aggravating factors outweigh existing mitigating factors, it may impose a sentence in the aggravated range pursuant to N.C. Gen. Stat. § 15A-1340.17(c)(4). *Id.*

"[A] trial judge need not justify the weight he attaches to any factor. He may properly determine that one factor in aggravation outweighs more than one factor in mitigation and vice versa." *State v. Ahearn*, 307 N.C. 584, 596–97, 300 S.E.2d 689, 697 (1983). A single aggravating factor is sufficient to authorize an aggravated sentence. *See State v. Everette*, 361 N.C. 646, 658, 652 S.E.2d 241, 249 (2007) (citing *Ahearn*, 307 N.C. at 596–97, 300 S.E.2d at 697); *State v. Penley*, 318 N.C. 30, 52, 347 S.E.2d 783, 796 (1986) (holding that the trial court did not abuse its discretion in determining one aggravating factor outweighed seven mitigating factors).

"The defendant may admit to the existence of an aggravating factor, and the factor so admitted shall be treated as though it were found by a jury." N.C. Gen. Stat. § 15A-1340.16(a1) (2025). "Admissions of the existence of an aggravating factor must be consistent with the provisions of [N.C. Gen. Stat. 15A-1022.1]." *Id.* Before an admission can be accepted, the trial court must determine whether the State has

provided the defendant with adequate notice of its intent to prove aggravating factors or a prior record point. *See* N.C. Gen. Stat. § 15A-1022.1(a) (2025). Aggravating factors alleged under the catch-all provision of N.C. Gen. Stat. § 15A-1340.16(d)(20) must be included in an indictment or other charging instrument. N.C. Gen. Stat. § 15A-1340.16(a4) (2025).

An improperly included aggravating factor does not necessarily mandate resentencing if other aggravating factors are properly found. *See State v. King*, 386 N.C. 601, 616, 906 S.E.2d 808, 819 (2024). "Importantly, under this approach, not every case in which the trial court erroneously finds an aggravating factor for itself will require reversal." *Id.* "Put another way, under this reading, prejudice is not automatically presumed. Instead, prejudice is present when a trial court's error affects the level of punishment imposed." *Id.*

Defendant's first argument fails because the trial court could have properly ordered an aggravated sentence independently of the non-statutory aggravating factor not included in his indictment. At trial, defense counsel acknowledged Defendant's notice of the State's intent to prove two aggravating factors under N.C. Gen. Stat. § 15A-1340.16(d). Defendant proceeded to admit to the statutory aggravating factor that he committed the offense while on pretrial release on another charge and the non-statutory aggravating factor that all the elements of the offense related to his current conviction were included in a prior conviction. Even assuming *arguendo* that the trial court erred in including the non-statutory aggravating factor

at sentencing, Defendant did not suffer prejudice. Defendant's admission to the statutory aggravating factor that Defendant committed the offense while on pretrial release on another charge permitted the trial judge to order an aggravated sentence even if the non-statutory aggravating factor was improperly included.

Defendant argues *State v. Ross* is instructive. There, this Court held the trial court erred in ordering an aggravated sentence when three non-statutory aggravating factors not included in an indictment were weighed in sentencing. *State v. Ross*, 216 N.C. App. 337, 351, 720 S.E.2d 403, 412 (2011). *Ross* is distinguishable. In *Ross*, all three aggravating factors presented by the State were non-statutory aggravating factors pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(20), requiring the State to include them in an indictment in compliance with N.C. Gen. Stat. § 15A-1340.16(a4). *Id.* at 350, 720 S.E.2d at 411. The State did not present any statutory aggravating factors. *Id.* Here, the State gave Defendant notice of its intent to prove the existence of a statutory aggravating factor pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(12). "Aggravating factors set forth in [N.C. Gen. Stat. § 15A-1340.16(d)] need not be included in an indictment or other charging instrument." N.C. Gen. Stat. § 15A-1340.16(a4) (2025).

Therefore, the trial court properly found a statutory aggravating factor and was authorized to order an aggravated sentence, even if a non-statutory aggravating factor was not included in an indictment.

Defendant next argues that the trial court erred by counting the fact

Defendant's current offense had the same elements as a prior convicted offense as both a non-statutory aggravating factor and a prior record level point. Defendant contends that the General Assembly's inclusion of "all elements of a current offense have the same elements as a prior convicted offense" as a prior record point is evidence the factor was not intended to be double-counted as an aggravating factor. This Court dispelled the same argument in *State v. Moore*, holding "there is no statutory provision prohibiting a trial court from using the same prior convictions both as evidence . . . during trial and to increase the defendant's prior record level." *State v. Moore*, 188 N.C. App. 416, 427, 656 S.E.2d 287, 294 (2008). In *Moore*, this Court rejected the defendant's assertion that using the same factors to increase his prior record level and aggravate his sentence was improper. *Id.* Here, the trial court properly used elements of Defendant's prior convictions as evidence of the existence of an aggravating factor. Accordingly, the trial court was permitted to use the evidence of Defendant's prior convictions to increase his prior record level as well. Furthermore, Defendant's stipulation to committing the offense on probation raised his prior record level point total to 10, classifying him as a Level IV offender under structured sentencing. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2025). Defendant would have been classified as a Level IV offender even if the trial court did not allocate an additional point for Defendant's current offense having the same elements as a prior convicted offense.

Thus, the trial court did not abuse its discretion. It ordered an aggravated

sentence within the range authorized by N.C. Gen. Stat. § 15A-1340.17(c).

**B. Mitigating Factors**

Defendant next argues that the trial court erred by failing to find three mitigating factors. *See* N.C. Gen. Stat. § 15A-1340.16(e)(17)-(19) (2023). Specifically, Defendant contends the trial court erred by not finding that: (1) Defendant supports his family; (2) Defendant has a support system in the community; and (3) Defendant has a positive employment history. We disagree.

"[T]he sentencing judge has a duty to find a statutory mitigating factor when the evidence in support of a factor is uncontradicted, substantial and manifestly credible." *State v. Spears*, 314 N.C. 319, 321, 333 S.E.2d 242, 244 (1985). The defendant bears the burden of proving mitigating factors by a preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.16(a) (2025). We review instances where a trial court fails to find a statutory mitigating factor *de novo*. *State v. Rojas*, 298 N.C. App. 95, 101, 912 S.E.2d 867, 871 (2025).

When a defendant alleges that the trial court erred in failing to find a statutory mitigating factor, he is asking this Court to "conclude that the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn." *Id.* at 102, 912 S.E.2d at 872. Thus, this Court may reverse a trial court's failure to find mitigating factors only when "the evidence offered in support of that factor is both uncontradicted and manifestly credible." *Id.*

A trial court can properly find no mitigating factors when the only evidence

offered in support of mitigation is the defendant's own testimony. *See State v. Mabry*, 217 N.C. App. 465, 472, 720 S.E.2d 697, 703 (2011). In *Mabry*, this Court held the trial court did not err in finding no mitigating factors when the sole evidence provided in support of those factors was testimony from the defendant and her close relatives. *Id.* This Court reasoned those sources were "not so manifestly credible" that the trial court was required to find mitigation. *Id*; s*ee also State v. Murphy*, 152 N.C. App. 335, 346, 567 S.E.2d 442, 449 (2002) (holding that the relationship between those testifying in support of mitigation and the defendant is a factor the trial court can consider in deciding credibility).

Here, Defendant attempted to prove statutory mitigating factors under N.C. Gen. Stat. § 15A-1340.16(e)(17)-(19) through his own testimony that he supports his family, has a support system in the community, and has a positive employment history. Although the State did not cross-examine Defendant or present any evidence to impeach his testimony, the trial court is required to find a mitigating factor only if the evidence in support of that factor is so clear that no reasonable alternative can be drawn. *See Rojas*, 298 N.C. App. at 101, 912 S.E.2d at 872. Defendant cannot be said to have met this burden. Like the defendant in *Mabry*, Defendant's self-serving testimony does not rise to the level of being manifestly credible. Therefore, the trial court did not err in not finding factors in mitigation.

## C. Ineffective Assistance of Counsel

In the alternative to his first two arguments, Defendant asserts he received

ineffective assistance of counsel. Defendant argues his counsel's failure to object to the trial court's use of a non-statutory aggravating factor that was not included in an indictment constituted deficient performance.

On appeal, this Court reviews *de novo* ineffective assistance of counsel claims. *State v. Gleason*, 273 N.C. App. 483, 486, 848 S.E.2d 301, 303 (2020). When a defendant makes an ineffective assistance of counsel claim, "he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561–62, 324 S.E.2d 241, 248 (1985). *Braswell* created a two-pronged test for showing ineffective assistance of counsel. First, the defendant must show that "counsel's performance was deficient." *Id.* at 562, 324 S.E.2d at 248. This can be achieved by demonstrating that counsel made errors severe enough to undermine the "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance "prejudiced the defense." *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* Thus, the "fact that counsel made an error, even an unreasonable error" does not entitle the defendant to a reversal unless there is a "reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Id.* at 563, 324 S.E.2d at 248.

Here, Defendant has failed to show the alleged deficient performance was prejudicial. Even assuming *arguendo* that Defendant could show error by his counsel, Defendant's sentence would be authorized even if the trial court did not weigh the

non-statutory aggravating factor at the sentencing proceeding. At trial, Defendant stipulated to committing the offense while on probation, adding an additional point to his prior record level. This admission elevated Defendant to a Level IV offender independently of the non-statutory aggravating factor. Defendant's ineffective assistance of counsel claim fails.

### III. Conclusion

We hold the trial court did not err in sentencing Defendant. Additionally, Defendant did not receive ineffective assistance of counsel.

NO ERROR.

Judges CARPENTER and STADING concur.

Report per Rule 30(e).